# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM PIECUCH, individually and on behalf of all similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) DELTA AIR LINES, INC., a Delaware corporation, ) ) ) *Defendant*. ) ) ) | Case No. 1:24-cv-00202<br><br>Hon. John J. Tharp, Jr. |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## I. INTRODUCTION

Defendant Delta Air Lines, Inc. ("Delta Airlines" or "Defendant") operates one of the largest international commercial airlines, and employs individuals across the nation, including in Illinois. Plaintiff William Piecuch's ("Plaintiff") Class Action Complaint ("Complaint" or "Compl.", Dkt. No. 1-1) states claims under the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA"), on the basis that Defendant violated Plaintiff's rights by unlawfully soliciting or requesting his genetic information at the pre-employment stage in violation of 410 ILCS 513/25(c)(1). Defendant has moved to dismiss Plaintiff's claims on several theories, each of which should be rejected. ("Motion to Dismiss" or "Mot.," Dkt. 17).

First, Defendant claims that Plaintiff's allegations regarding Defendant's requests for family medical history are not genetic-based and are conclusory. This argument ignores that Plaintiff pleads precise examples of the "genetic information" that Defendant unlawfully requested (i.e. inheritable diseases and conditions running in their family members, including diabetes and heart disease), and ignores GIPA's definition of "genetic information" which, as Defendant cannot – and does not – dispute, includes "the manifestation of a disease or disorder in family members of [an individual]." Courts interpreting identical language in the context of the federal Genetic Information Nondiscrimination Act (GINA), have ruled that the "genetic information" – family medical history – pled by Plaintiff here is a sufficient basis for claims under GINA, which also prohibits employers from soliciting or requesting employees' genetic information.

Second, Defendant argues that Plaintiff does not plead facts to support that such "genetic information" was requested as a condition of employment and therefore he cannot state a claim under GIPA. But Defendant overlooks that GIPA is clear that "genetic information" may not be solicited, requested, required or purchased as a [i] condition of employment or [ii] *as part of the*

1

*preemployment application*. Plaintiff directly alleges that Defendant's requests for his family medical history were part of the preemployment application process and were part of the job application's requirements.

Third and finally, Defendant argues that Plaintiff fails to plead Defendant's state of mind when violating GIPA and thus fails to state claims for damages under GIPA. Many courts in this District, including this Court, have rejected similar arguments in cases involving the Illinois Biometric Information Privacy Act ("BIPA") – which, like GIPA, permits heightened damages awards for reckless or intentional conduct – and ruled that a plaintiff need not plead specific facts regarding defendant's *mens rea* to proceed with his heightened damages requests. Because GIPA, like BIPA, imposes liability regardless of a defendant's state of mind, Plaintiff's request for damages, including for heightened damages due to Defendant's reckless or intentional conduct, should be sustained.

For those reasons, and as discussed in further detail below, Defendant's Motion should be denied in its entirety.

## II. <u>FACTUAL ALLEGATIONS</u>

Defendant forms one of the largest airline companies in the airline industry, operating a global fleet of aircraft known as Delta Airlines. Defendant employs individuals across the nation, including in Illinois. (Compl. ¶ 22). Plaintiff's claims against Defendant under GIPA are very straightforward. Plaintiff Piecuch alleges that he applied to work at Delta Airlines. (Compl. ¶ 26). As alleged, "as part of the application and hiring process, and as a precondition of employment" Defendant required Plaintiff to answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family members. (Compl. ¶¶ 27, 28). Such questions included whether any of his family members had a history of diabetes, heart disease, and other

medical conditions. (*Id*.) In response, Plaintiff disclosed his genetic information, including diseases and disorder with which his family members have been or have not been diagnosed. (Compl. ¶ 29). Accordingly, Plaintiff filed this case against Defendant under GIPA, 410 ILCS 513/25(c), which prohibits employers, including Defendant, from soliciting, requesting, requiring or purchasing genetic information of a person as a condition of employment or preemployment application. (Compl. ¶¶ 2, 19, 31, 43, 44). GIPA specifically defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual, which is exactly the information Plaintiff alleges was solicited and/or requested by Defendant as part of his preemployment application and as a condition of employment. (FAC ¶¶ 3, 23-25, 27-31).

### III. <u>LEGAL STANDARD</u>

Where a defendant moves to dismiss a complaint under Federal Rule 12(b)(6), the motion does not test the merits of the plaintiff's claims; rather it "tests only the legal sufficiency of the complaint." *Hanley v. Green Tree Serv., LLC*, 934 F. Supp. 2d 997, 980 (N.D. Ill. 2013) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). When considering a Rule 12(b)(6) motion, the court must construe the complaint "in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the plaintiff's] favor." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis.*, 657 F.3d 496, 502 (7th Cir. 2011). A complaint will survive a Rule 12(b)(6) motion as long as it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint "should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Supreme Auto Transport v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1036 (N.D. Ill. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007)).

IV. **ARGUMENT**

    A. **Plaintiff's Complaint Sufficiently Alleges That Defendant Requested Genetic Information Protected By GIPA.**

Defendant conveniently overlooks that Plaintiff more than adequately alleges which "genetic information" Defendant unlawfully solicited during his preemployment application. As acknowledged by Defendant, GIPA defines "genetic information" to include, *inter alia*, "the manifestation of a disease or disorder in family members of [an individual]." (Mot. at 3) (citing 410 ILCS 513/10, 45 C.F.R. 160.103). Further, as acknowledged by Defendant, Plaintiff straightforwardly alleges that Defendant asked that he provide information regarding the "manifestation of a disease or disorder" in his family members, including whether his family members had a history of diabetes or heart disease. (Mot. at 4–5). But Defendant baldly, and erroneously argues that requests for *heart disease* and *diabetes* running in Plaintiff's family are not genetic based. (Mot. at 4-7).

Here, Plaintiff Piecuch specifically alleges that when he applied for a job position with Defendant in December of 2021, "Defendant required Plaintiff to undergo a phone interview with Defendant's Talent Acquisition team" (Compl. ¶¶ 26, 27) where he had to answer questions concerning "his family medical history, *i.e.* the manifestation of diseases or disorders in his family members. Such questions included whether Plaintiff's family members had a history of *diabetes* and *heart disease*, as well as other medical conditions." (Compl. ¶ 28 (emphasis added)). In response, Plaintiff disclosed the inheritable diseases and disorders "including diseases and disorders with which his family members have been or have not been diagnosed." (Compl. ¶ 29).

4

Defendant conveniently overlooks these well-pled allegations and attempts to cherry-pick decisions involving the federal Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff, *et seq.* ("GINA"), which defines "genetic information" similarly to GIPA in that GINA's definition includes "the manifestation of a disease or disorder in family members of such individual," to support its argument, but courts have ruled that the family medical conditions identified by Plaintiff here such as heart disease (Compl. ¶ 28), are sufficient to state claims under GINA. *See Lee v. City of Moraine Fire Dept.*, 3:13-CV-222, 2015 WL 914440, at *11 (S.D. Ohio Mar. 3, 2015) (granting summary judgment to plaintiff on GINA claim where questionnaire asked about family history of heart disease); *EEOC v. Grisham Farm Products, Inc.*, 191 F. Supp. 3d 994, 998 (W.D. Mo. 2016) (granting EEOC summary judgment on GINA violation where employer questioned applicants if they consulted a medical provider for conditions such as high blood pressure, heart disease, or breast cancer, or based on family history and risk factors); see also *Equal Employment Opportunity Comm'n v. Dolgencorp*, LLC, 2:17-CV-01649-MHH, 2022 WL 2959569, at *16 (N.D. Ala. July 26, 2022) (granting plaintiff summary judgment on GINA violations where employer indisputably asked its job candidates "whether their grandparents, parents, or children had significant medical problems.")

Defendant's cited GINA decisions are readily distinguishable. (Mot. at 6-7). For example, Defendant relies on *Bell v. PSS World Med., Inc.*, where the court rejected the plaintiff's GINA claims "[b]ecause Plaintiff has failed to provide any basis, factual or otherwise, for the Court to reasonably infer that *her* hyperthyroidism, the "confidential information," or the "confidential medical conditions" equate to genetic testing and/or genetic information." *Bell v. PSS World Med., Inc.*, 12-CV-381-J-99MMH, 2012 WL 6761660, at *3 (M.D. Fla. Dec. 7, 2012) (internal links omitted) (emphasis added). Instructive in the Court's analysis in *Bell* was focusing on the

definition of "genetic information" as "information about [an] individual's genetic tests, the genetic tests of family members of such individuals, and the manifestation of a disease or disorder in family members of such individual." *Id*. As the Court noted "The basic intent of GINA is to prohibit employers from making a predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in [a] family member." *Id*. (citing to *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F.Supp.2d 727, 730 (W.D. Va. 2012) (internal quotations and citation omitted) (alteration in original)). Nothing in *Bell* could have led the Court to "reasonably infer" that *the plaintiff's* hyperthyroidism was an inheritable disease with which her family members have been diagnosed with—in fact, the plaintiff's claims had nothing to do with family medical history at all. Here, in contrast, Plaintiff alleges that Defendant specifically requested inheritable diseases and conditions in his family members, including heart disease and diabetes (Compl. ¶ 28), conditions which have been found to state a claim under GINA. *See City of Moraine Fire Dept.*, 2015 WL 914440 at *11; *Grisham Farm Products, Inc.*, 191 F. Supp. 3d at 998; *Dolgencorp, LLC*, 2022 WL 2959569 at *16. Defendant's reliance on *Tedrow v. Franklin Twp. Cmty. Sch. Corp.* is similarly misplaced. There, the court rejected the plaintiff's GINA claim because he only presented "evidence that the [defendant] requested medical information" and offered no evidence whatsoever that such information was genetic or heritable in nature. *Tedrow*, No. 21-cv-453 RLM-MG, 2023 WL 3602712, at *27 (S.D. Ind. May 23, 2023). Here Plaintiff alleges Defendant solicited the history of diabetes and heart disease in his family members, both of which are commonly understood to be heritable and genetically influenced.

The GINA decisions cited by Defendant actually support Plaintiff's claims because his claims are based on Defendant's solicitation of information concerning the manifestation of

6

inheritable conditions in his family members like heart disease and diabetes, rather than any of Plaintiff's *own* medical conditions and/or diagnoses, as in Defendant's cited authorities. For example, in *Munnerlyn v. Installed Bldg. Prod.*, *LLC*, the court was clear that the plaintiff's allegation the defendants were aware "that he had been diagnosed with epilepsy and was taking medication for epilepsy" was deficient because the plaintiff's *own* diagnosis constituted "medical information" under GINA, and not "genetic information." *Munnerlyn, LLC*, No. 1:20-CV-225-LY, 2020 WL 2528547, at *3 (W.D. Tex. May 18, 2020) ("An employer, however, does not violate GINA through 'the use, acquisition, or disclosure of *medical information* that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member") (internal citations omitted). Defendant's other cited authorities are distinguishable on this basis as well. *See NA. B Duignan v. City of Chicago*, 275 F. Supp. 3d 933, 939 (N.D. Ill. 2017) (a plaintiff may not rely on her own actual diagnosis of Huntington's disease to state a GINA claim); *Conner-Goodgame v. Wells Fargo Bank*, No. 2:12-CV-03426, 2013 WL 5428448, at *11 (N.D. Ala. Sept. 26, 2013) (finding that AIDS is non-genetic information when the plaintiff "had no chance of acquiring HIV in the future as a result of her deceased mother's AIDS. Any chance Conner–Goodgame had of acquiring HIV from her mother ended with Plaintiff's infancy."); *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F. Supp. 2d 727, 729 (W.D. Va. 2012) (dismissing GINA claim where plaintiff's disclosure regarding his *wife's* diagnosis of multiple sclerosis did not constitute protected genetic information as it did not reflect the plaintiff's genetic predisposition to contract the illness); *Franks v. City of Austin*, 1-19-cv-0040-LY, 2020 WL 3446164, at *2 (W.D. Tex. June 24, 2020) (dismissing GINA claim because the plaintiff alleged only that he underwent a personal examination, and alleged nothing more to show that the examination involved genetic information "as opposed to ordinary medical information, and GINA only applies to genetic information").

Here, unlike in any of the cases Defendant cites, Plaintiff alleges that Defendant requested, and Plaintiff was required to provide, information concerning inheritable diseases in family members with whom he is genetically related.

In short, by alleging in detail how and when Defendant solicited Plaintiff's family medical history as a requirement of its preemployment application, presumably for the sole purpose of identifying applicants that may have genetic-based conditions, such as *diabetes* and *heart disease,* Plaintiff more than sufficiently states a valid claim under GIPA, and there is no merit to Defendant's contention that Plaintiff's allegations are conclusory.

### B. Plaintiff's Family Medical History Was Solicited At The Preemployment Stage.

Next, Defendant suggests that Plaintiff makes no allegations that Defendant solicited his genetic information as a condition of employment. (Mot. at 7-8). GIPA specifically states that an employer shall not directly or indirectly "solicit, request, require or purchase . . . genetic information of a person or family member of the person . . . as a [i] condition of employment [or] [ii] preemployment application." 410 ILCS 513/25(c)(1). Plaintiff's Complaint could not be clearer that Defendant solicited "Plaintiff's and the Class's genetic information as a precondition of employment or as part of their preemployment application," (Compl. ¶ 25), and further alleges that as part of Defendant's preemployment application and hiring process, Defendant required Plaintiff to undergo a phone interview with Defendant's Talent Acquisition team during which Defendant requested his protected family medical history. (Compl. ¶¶ 27, 28). Clearly, soliciting such information was part of Defendant's preemployment application process.

Defendant seeks to add a nonsensical pleading requirement beyond the plain language of GIPA, contending that Plaintiff "must allege some facts (e.g., a statement by Delta that his application would be negatively impacted if he did not respond to the questions about his genetic

information)…" (Mot. at 8). But the plain language of GIPA expressly states that genetic information may not be solicited, requested, required or purchased as a "condition of employment" *or* as part of the "preemployment application." 410 ILCS 513/25(c)(1). Defendant's requests for the family medical history of its prospective employees were part of the mandatory preemployment application process, which is more than plausible considering that Defendant generally requests such information of all applicants. (Compl. ¶¶ 23, 27). Therefore, it is more than plausible that where Defendant's applicants fail to complete Defendant's mandatory preemployment procedures they will not be offered employment.

Further, Defendant also states that "GIPA does not prohibit employers from merely requesting genetic information." (Mot. at 7). This may be true as it relates to other parts of GIPA for example as it relates to "wellness programs" for individuals that Defendant has already hired, under certain conditions such as if, for example, the employee provides written authorization. 410 ILCS 513/25(e). In comparison, GIPA's subsection 25(c), which relates to preemployment procedures, unambiguously prohibits the solicitation of genetic information as part of a preemployment application. By not including any consent-related or other caveats, the Illinois Legislature's intent was clear that employers cannot request this information as part of their preemployment screening.

In short, Plaintiff's well-pled Complaint alleges that Defendant solicited and requested his genetic information as a "condition of employment" or as part of the "preemployment application," as plainly stated in 410 ILCS 513/25(c)(1). Defendant has more than "fair notice of the nature of the claim against it," *Campos v. Tubi, Inc.*, No. 23-cv-3843, 2024 WL 496234, at *9 (N.D. Ill. Feb. 8, 2024) (Tharp, J.), so the Court should deny Defendant's Motion to Dismiss on this basis as well.

### C. Plaintiff Does Not Need To Plead Defendant's "State of Mind" For His Request For Liquidated Damages Under GIPA.

Finally, Defendant contends that Plaintiff must specifically allege Defendant's "state of mind" when violating GIPA to proceed with his request for increased damages due to Defendant's reckless or intentional conduct. (Mot. at 8-9). Notably, Defendant relies on an outdated decision – *Rogers v. CSX Intermodal Terminals, Inc.* – involving BIPA claims because GIPA also allows for enhanced statutory liquidated damages for each intentional or reckless violation of its provisions, 410 ILCS 513/40(a)(2), and $2,500 for each negligent violation, 410 ILCS 513/40(a)(1). Defendant ignores, however, that the vast majority of courts in this District, including this Court, have concluded that such allegations are not required. *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 615 (N.D. Ill. 2020) (Tharp, J.) (the "complaint states a plausible claim for relief under [BIPA]; Rule 12(b)(6) does not require [the plaintiff] to plead the facts that will determine the amount of actual damages she may be entitled to recover"). Here, Plaintiff states a plausible claim for relief under GIPA, and Rule 12(b)(6) does not require him to plead the specific facts that will determine the damages he may ultimately recover. *See also, e.g.*, *Mahmood v. Berbix, Inc.*, No. 22-cv-2456, 2022 WL 3684636, at *3 ("A request for enhanced damages is a demand for relief, not part of a [GIPA] claim, therefore, [Plaintiff] need not allege facts to show [he is] entitled to this enhanced relief").

And even if such allegations were required, Defendant's assertion that Plaintiff does not support his request for heightened damages with factual allegations is incorrect. Plaintiff alleges that GIPA's prohibitions have been in effect for years, but Defendant ignored them (Compl. ¶ 49), which courts in the BIPA context found sufficient to create a reasonable inference that the statutory violations were reckless or intentional. *See Rogers v. BNSF Ry. Co.*, No. 19- cv-3083, 2019 WL 5635180, at *5 (N.D. Ill. Oct. 31, 2019) ("[T]he BIPA took effect more than ten years ago, and if

the allegations of his complaint are true—as the Court must assume at this stage—BNSF has made no effort to comply with its requirements. This is certainly enough, at the pleading stage, to make a claim of negligence or recklessness plausible"); *Wordlaw v. Enter. Leasing Co. of Chicago, LLC*, No. 20-cv-3200, 2020 WL 7490414, at *7 (N.D. Ill. Dec. 21, 2020) ("The complaint's allegation that in 2016, "defendants knew, or were reckless in not knowing" that the timekeeping system was subject to BIPA's requirements is plausible . . . Yet defendants made no effort to comply with BIPA. This is enough to allege a negligent, reckless, or intentional violation").

Because GIPA's statutory damages regime is similar to BIPA's, and because GIPA like BIPA imposes liability regardless of a defendant's state of mind, and because Plaintiff also alleges sufficient facts to infer that Defendant's violations of GIPA were reckless or intentional, the Court should follow its well-reasoned analysis in *Cothron* and sustain Plaintiff's damages request at this stage of the litigation.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff William Piecuch respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.[1]

Dated: March 15, 2024

Respectfully submitted,

WILLIAM PIECUCH, individually and on behalf of similarly situated individuals,

By: /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com

---

[1] Should the Court grant Defendant's Motion in whole or in part, Plaintiff requests that any such dismissal be made without prejudice to provide Plaintiff with an opportunity to cure any defects in his pleading.

11

aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I caused the foregoing *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Andrew T. Heldut