# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESTINY WELLER,<br><br>                Plaintiff,<br><br>    v.<br><br>SAGILITY, LLC,<br><br>                Defendant. | No. 23 CV 15626<br><br>Judge Manish S. Shah |

ORDER

Defendant's motion to dismiss [8] is denied. Defendant shall answer the complaint by April 15, 2024. The parties shall file a status report with a proposed discovery schedule by April 22, 2024.

STATEMENT

Defendant argues that the complaint is too vague and conclusory to plead a violation of the Illinois Genetic Information Privacy Act. But pleading the who, what, where, and when of a transaction is the stuff of Rule 9(b), not Rule 8. The complaint adequately alleges that around November 2021, someone at Sagility's direction (and for Sagility's benefit) required plaintiff to disclose whether cardiac diseases, cancer, and diabetes manifested in her parents. [1-1] at 11–12.[1] This telephonic interview was a condition of the hiring process. [1-1] at 12. Accepting those allegations as true, that is enough to suggest a plausible claim under GIPA. The Act prohibits an employer from directly or indirectly requesting genetic information of a person or a family member of the person as a condition of employment. 410 ILCS 513/23(c)(1). Genetic information includes information about the manifestation of a disease or disorder. 410 ILCS 513/10; 45 C.F.R. § 160.103. Family members include individuals related by blood or law to the individual, 410 ILCS 513/10, and it is reasonable to infer in plaintiff's favor that plaintiff's parents are related by blood or law to plaintiff. Defendant has strong arguments that plaintiff's alleged scenario is unlikely or illogical, but those arguments miss the mark under the standard of review applicable to Rule 12(b)(6).

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

A more definite statement from plaintiff is unnecessary. If defendant is right that it makes no sense for it to have required medical history as a condition of employment in a pre-hire telephone interview, then it likely has a good faith basis deny those allegations of the complaint and put plaintiff to her burden of proof. Sagility is not forced to guess about plaintiff's claim—paragraphs 25 through 29 of the complaint give it adequate notice.[2]

ENTER:

Date: March 25, 2024

Manish S. Shah
U.S. District Judge

---

[2] The court has subject matter jurisdiction based on diversity of citizenship. The amount in controversy seems like a stretch here, but defendant (the party asserting federal jurisdiction) has cobbled together a theory that gets over the $75,000 threshold. Plaintiff does not disclaim defendant's estimate. Without more (or anything) from plaintiff, defendant's assertion is plausible.

2