# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM PIECUCH, individually and on behalf of all similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) DELTA AIR LINES, INC., a Delaware ) corporation, ) ) *Defendant*. ) ) ) | Case No. 1:24-cv-00202 <br><br> Hon. John J. Tharp, Jr. |

## PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, William Piecuch, submits this Notice of Supplemental Authority to inform the Court of two recent decisions that, like this case, also involve claims against employers under Section 25(c)(1) of Illinois' Genetic Information Privacy Act ("GIPA"): *McKnight v. United Airlines, Inc.,* No. 23-cv-16118 (N.D. Ill. July 16, 2024), filed herewith as **Exhibit A**, and *Taylor v. Union Pacific Railroad Co.*, No. 23-cv-16404 (N.D. Ill. July 16, 2024), filed herewith as **Exhibit B**. These rulings resolved some of the same issues raised in Defendant's pending Motion to Dismiss (Dkt. Nos. 16-17) and will therefore aid the Court in deciding the Motion.

First, in both *McKnight* and *Taylor*, the court held that GIPA's definition of "genetic information" includes the manifestation of an inheritable "disease or disorder in family members," such as an individual's "family 'history of high blood pressure, cancer, diabetes, heart disease . . . .'" (*McKnight*, Ex. A at 3-6); (*Taylor*, Ex. B, at 6-10) (same). Accordingly, the family medical history information that Defendant requested from Plaintiff here falls squarely within GIPA's protections. (Compl. ¶ 28, Dkt. 1-1).

1

Second, as in this case, the defendants in *McKnight* argued that the plaintiffs failed to show that their genetic information was requested "as a condition of" employment, because they did not allege that their "employment was conditioned on the provision of their family medical histories." (*McKnight*, Ex. A, at 7). The court disagreed, because the physical examinations themselves were "required" or "mandatory." (*Id.*). Likewise, here, Plaintiff expressly pleads that Defendant requested his genetic information as part of its mandatory preemployment application process and required him to answer unlawful questions during a phone interview. (Compl. ¶¶ 27-29).

Third, *McKnight* and *Taylor* held that a GIPA plaintiff need not plead the defendant's mental state in order to state a claim. (*McKnight*, Ex. A, at 12-13; *Taylor*, Ex. B, at 17-18). Rather, "[a] request for enhanced damages is a demand for relief, not part of a [GIPA] claim . . . ." (*McKnight*, Ex. A, at 13; *Taylor*, Ex. B, at 18). Defendant is thus not entitled to dismissal on this basis.

Dated: September 24, 2024

Respectfully submitted,

WILLIAM PIECUCH, individually and on behalf of all similarly situated individuals

By: /s/ *Andrew T. Heldut*
One of Plaintiff's Attorneys

Paul T. Geske
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
pgeske@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on September 24, 2024, I filed the foregoing *Plaintiff's Second Notice of Supplemental Authority* using the Court's CM/ECF Filing System. A copy of said document will be electronically transmitted to all counsel of record.

/s/ *Andrew T. Heldut*